```
IN THE UNITED STATES DISTRICT COURT
 FOR THE WESTERN DISTRICT OF VIRGINIA
           ROANOKE DIVISION
```

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAR 28 2008
JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

| | |
|---|---|
| FRANK DAVID DAVIS, <br> a.k.a. CHRIS L. MARTIN, <br> JEREMIAH SMITH, <br>     Plaintiff, <br><br> v. <br><br> LAWRENCEVILLE CORR. CENTER, <br> et. al., <br>     Defendants. | Civil Action No. 7:08-cv-00251 <br><br> **MEMORANDUM OPINION** <br><br> By: Hon. James C. Turk <br> Senior United States District Judge |

Plaintiff Frank Davis, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Davis alleges that prison officials at Lawrenceville Correctional Center took his television set (which he values at $145.00) and gave it to another inmate; although he has filed a stolen property report, officials have still failed to return his property to him. Davis applies to be allowed to proceed in this action without prepayment of the $350.00 filing fee. Upon review of the record, the court concludes that this action must be dismissed without prejudice, pursuant to 28 U.S.C. §1915(g), because Davis does not qualify to proceed without prepayment of the fee.

Section 1915(b) requires the court to assess against indigent inmates the $350.00 filing fee for a civil action, but also allows them to pay this fee through installments withheld from their inmate accounts. Section 1915(g) denies the installment payment method to those prisoners who have "three strikes"--- those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim. Even a prisoner litigant with three strikes may qualify to proceed under the installment payment plan if he "is in imminent danger of serious

1

physical injury." §1915(g).

Court records indicate that Davis has filed at least three prior civil actions, in forma pauperis, that were dismissed as malicious, frivolous, or for failure to state a claim: Davis v. Rattiftwalker, Case No. 7:99CV00767 (W.D. Va. 1999) (dism'd under § 1915(e)(2)); Davis v. Ringwood, Case No. 7:99CV00765 (W.D. Va. 1999) (dism'd under § 1915(e)(2)); Davis v. Preston, Case No. 7:99CV00663 (W.D. Va. 1999) (dism'd under § 1915(e)(2)). Therefore, under §1915(g), he is barred from filing a civil action in this court without prepaying the filing fee in full unless he demonstrates that he is in imminent danger of physical harm related to his claims.

Davis fails to allege any manner in which deprivation of his television set and/or its monetary value places him in any imminent danger of physical harm whatsoever.[1] Accordingly, the court finds that Davis fails to allege facts sufficient to satisfy the "imminent danger" exception under §1915(g) and may not proceed without prepayment of the fee. The court will deny his application to proceed without prepayment and will dismiss this action without prejudice, pursuant to § 1915(g). An appropriate order shall be issued this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

---

[1] In addition, Davis's allegations fail to state a claim actionable under § 1983. Allegations that prison officials randomly deprived an inmate of his property, whether intentionally or as a result of negligence, do not state any constitutional claim "if a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 531-33 (1984). Inasmuch as plaintiff possessed tort remedies under Virginia state law, see Virginia Code § 8.01-195.3, it is clear that he cannot prevail in a constitutional claim for the alleged property loss in this case.

2

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 28th day of March, 2008.

/s/ James C. Turk
Senior United States District Judge

3